May Term,
1837.

PRIEST, Administrator, *v.* MARTIN.—In error.

BLAKE
v.
NICHOLS.
*Thursday,*
*June 1.*

## BLAKE *v.* NICHOLS.

If there be a justice's certificate attached to a plea in abatement, stating that the plea had been sworn to before him, the plea must be considered, under the statute, as sufficiently verified.

If such certificate be imperfect, and the plea have been properly sworn to, the Court should permit the justice to amend the certificate.

APPEAL from the *Hendricks* Circuit Court.

*Thursday,*
*June 1.*

BLACKFORD, J.—*Nichols* sued *Blake* before a justice of the peace on a promissory note. The defendant pleaded in abatement, that there was a prior action pending between the parties, for the same cause, before another justice. The *jurat* at the bottom of the plea was as follows:—"Sworn to before me. *November* 14*th*, 1835.—*Noah Harding*, J. P." The plea was objected to before the justice, on the ground that it did not appear to be properly verified by affidavit. The justice overruled the objection, tried the cause, and rendered a judgment for the plaintiff.

The defendant appealed to the Circuit Court. The plaintiff renewed his motion there to set aside the plea, and the Circuit Court sustained the motion. The defendant then suggested

that the plea had been properly sworn to, and asked leave for the justice then, in open Court, to amend his certificate. The amendment was refused, and the plaintiff obtained a judgment.

The plea, in this case, is not verified conformably to the *English* practice. The statute of *Anne* requires such a plea to be verified by affidavit; and the practice under that statute is, to annex to the plea an affidavit signed by the person making it, stating the plea to be true in substance and fact. 3 Chitt. Pl. 897.

Our statute states that pleas in abatement shall not be received, unless they are supported by oath or affirmation. Rev. Code, 1831, p. 316. This provision is not in terms the same with that in the *English* statute, and does not require that an affidavit signed by the person making it, shall be made and annexed to the plea. A magistrate's certificate annexed to the plea, stating the plea to have been sworn to before him, is all that is necessary under our statute. In the present case there is such a certificate, and the plea must therefore be considered to be sufficiently verified.

If, however, the Circuit Court were correct in supposing that the *jurat* did not show the plea to be properly verified, they committed an error in refusing to permit the justice to amend his certificate. It was proper that the certificate should state the truth of the case, and the justice ought to have been permitted to correct any mistake which it contained. *Bosc* v. *Solliers*, 4 Barn. & Cress. 358.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Cowgill* and *C. P. Hester*, for the appellant.

*C. C. Nave*, for the appellee.